**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSE GAXIOLA, ) | |
|      Petitioner, ) | 3:16-cv-00500-RCJ-VPC |
| vs. ) | **ORDER** |
| WARDEN, LCC, *et. al*, ) | |
|      Respondents. ) | |

Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 and paid the required fee. ECF Nos. 1/2.

The court notes that petitioner has a previous case under 28 U.S.C. § 2254 with respect to the conviction challenged in this newly-submitted petition: *Gaxiola v. Palmer*, *et. al*, 3:06-cv-00516-RCJ-RAM. In that proceeding, the court denied the petition on merits. ECF No. 33, 3:06-cv-00516-RCJ-RAM.

Under 28 U.S.C. § 2244(b), where the petitioner has previously filed an application for habeas relief under section 2254 which has been denied on the merits, the court cannot grant relief with respect to a claim that was presented in a prior application ((b)(1)) or a claim that was not presented in a prior application ((b)(2)) unless:

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

      (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

      (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

In addition, 28 U.S.C. § 2244(b)(3) requires a petitioner to obtain leave from the appropriate court of appeals before filing a second or successive petition in the district court.

      The claims in the current petition are claims that either were or could have been raised in the earlier petition. Petitioner has not made a sufficient showing that the exceptions outlined in 28 U.S.C. § 2244(b)(2) apply. More importantly, he has failed to secure an order from the court of appeals authorizing this action as required by 28 U.S.C. § 2244(b)(3). Therefore, this court is without jurisdiction to consider the habeas petition filed herein.

*Certificate of Appealability*

      If petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability); *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (per curiam) (holding that a certificate of appealability is required when the district court dismisses a motion on the ground that it is an unauthorized, successive collateral attack). A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In addition, when a § 2254 petition is denied on procedural grounds, a certificate of appealability should issue only when the petitioner shows that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

      Petitioner has not made the necessary showing. Therefore, the court denies a certificate of appealability.

**IT IS THEREFORE ORDERED** that the petition for writ of habeas corpus (ECF No. 2) is dismissed for lack of jurisdiction. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability is DENIED.

DATED: This 18th day of October, 2016.

_____
UNITED STATES DISTRICT JUDGE

3